UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN A. O'ROURKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:10-CV-957 (CEJ) |
| ) | |
| ARNE DUNCAN, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion for summary judgment. Plaintiff opposes the motion, and the issues relating to the merits of the merits of the motion have been fully briefed. Issues relating to subject-matter jurisdiction have not been briefed by either party, but are addressed *sua sponte*, in accordance with Fed. R. Civ. P. 12(h)(3).

I. Background

Plaintiff filed this action on May 26, 2010 seeking to prevent the United States Department of Education from continuing its collection efforts to recover amounts allegedly owed by plaintiff on an unpaid student loan. Plaintiff claims that the loan, originally issued by the Iowa Student Loan Liquidity Corporation (ISLLC) in February 1988, was discharged that same year in a bankruptcy proceeding under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 727. The loan was disbursed pursuant to a consolidation of several of plaintiff's student loan debts totaling $37,479.00. Plaintiff's bankruptcy proceeding was filed on May 25, 1988, in the United States Bankruptcy Court for the Northern District of California and a discharge order was entered on September 30, 1988. The loan held by ISLLC was listed by plaintiff in the bankruptcy

action. Although notice was received by ISLLC, it did not contest the discharge of the loan and did not file a claim because plaintiff had not requested a determination of undue hardship. (Doc. #13-1 at p. 3). In fact, in response to the Notice to Creditors listing the loan, ISLLC sent a letter to the Bankruptcy Court requesting to be notified only if plaintiff sought a hardship determination. (Doc. #26-1). Without plaintiff ever requesting an adversarial determination of undue hardship, the bankruptcy court entered a discharge order stating that:

1. The above named debtor [plaintiff] is released from all dischargeable debts.

2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:

    (a) Debts dischargeable under 11 U.S.C. § 523.

    (b) Unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under Clauses (2), (4) and (6) of 11 U.S.C. § 523(a).

    (c) Debts determined by this court to be discharged under 11 U.S.C. § 523(d).

3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from commencing, continuing, or employing any action, process or act to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived.

(Doc. #13-1 at p. 5).

Shortly after the discharge order, plaintiff sent a letter to ISLLC requesting that it cease collection activities, because her student loan had been discharged, and directing the agency to contact her attorney regarding any further collection efforts. (Doc. #26-2). In subsequent correspondence, plaintiff's attorney told ISLLC that the loan was discharged as a commercial consolidation loan and ISLLC contended that the

loan was nondischargeable as student loan debt. Neither plaintiff nor the various holders of the loan have ever sought to clarify or enforce the September 30, 1988 discharge order.

In December1989, United Student Aid Funds, Inc. (USAF), as guarantor, acquired the loan from ISLLC. From 1995 until 2001 collection activities on the loan were conducted by several different collections agencies. Between 1989 and 2001 sporadic collection attempts were made, but plaintiff maintained that the loan had been discharged and consistently directed the collecting agency to contact her lawyer. On May 25, 2001, the Department of Education (DOE) accepted transfer of the case for collection and plaintiff's loan was subrogated by USAF to the DOE. Plaintiff's federal income tax refunds were offset through the Treasury Offset Program (TOP) in varying amounts for the tax years 1998, 1999, 2004, 2005, 2006, and 2008. Aside from these TOP offsets, no other payments, voluntary or otherwise, were made on the loan until the June 2, 2010 wage garnishment discussed below.

After acquiring the loan, the DOE again demanded that plaintiff begin repayment and reiterated its position that the loan had not been discharged. As of September of 2001, the outstanding balance on the Loan had grown to $92,083.46, including principal and accrued interest. Plaintiff and her attorney sent several letters to the DOE claiming that the loan had been discharged and requesting that the agency cease collection activities. The DOE denied these requests, explaining its position and reasoning as to why the loan had not been discharged. (Doc. #13-5). An appeal of this decision was denied. (Doc. #13-5). By January 22, 2010 the total amount owed on the Loan had grown to $155,869.05, including a $30,000.00 fee charged by the DOE's collection agency. Id.

On December 25, 2009, plaintiff was sent a notice of proposed administrative wage garnishment as authorized by the Higher Education Act, 20 U.S.C. § 1095a. (Doc. #13-8). Plaintiff objected to the proposed wage garnishment and requested a hearing. (Doc. #13-5). On March 9, 2010, the DOE denied plaintiff's request for a hearing and issued a decision stating that it had custody of the necessary documents to render a decision, that plaintiff's loans had not been discharged by the 1988 bankruptcy court order, and that plaintiff's wages were subject to garnishment at a rate of 15% of her disposable pay. (Doc. #13-9). Plaintiff, through counsel, requested reconsideration of the DOE's final garnishment decision; reconsideration was denied. Id. Plaintiff's wages were first subject to garnishment on June 2, 2010 in the amount of $1,452.08. (Doc. #13-11).

In Count I of the complaint, plaintiff alleges that the DOE's actions violated the Administrative Procedure Act (APA), 5 U.S.C. § 706. Specifically, plaintiff claims that the DOE's March 9, 2010 decision (1) failed to take into account controlling law, (2) was based on insufficient evidence to satisfy its burden of proof regarding the existence and validity of the loan, (3) neglected to address plaintiff's objections based upon the doctrines of laches, estoppel, unconscionability and due diligence, (4) and violated her constitutional right to due process by refusing her request for an oral hearing. Plaintiff asks that the Court set aside the garnishment decision of the DOE or, in the alternative, remand the matter for further consideration by the DOE. She also requests reimbursement of any garnished wages and tax refund offsets along with her costs and attorney's fees incurred in filing this action.

In Count II, plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201(a) construing her loan as discharged by the 1988 discharge order. She requests that this

Court declare her debt "invalid, unenforceable, and uncollectible." (Doc. #1). She also requests that the Court award her costs and attorneys' fees.

In support of their motion for summary judgment defendants argue that the 1988 bankruptcy court order did not discharge plaintiff's loan and that the decision to garnish plaintiff's wages did not violate the APA. Plaintiff, in response, cites to the United States Supreme Court's decision in <u>United Student Aid Funds, Inc. v. Espinosa</u>, 130 S. Ct. 1367 (2010), for the proposition that the 1988 discharge, even if made in error, still constitutes a valid enforceable judgment. Defendants contend that <u>Espinosa</u> is distinguishable and that the 1988 order did not discharge plaintiff's student loan.

## II. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. <u>AgriStor Leasing v. Farrow</u>, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986); <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

III. Discussion

Plaintiff seeks relief under the APA or, alternatively, a declaratory judgment construing the loan as discharged. However, plaintiff is in essence asking this Court to interpret and enforce the discharge order issued by the bankruptcy court. With the exception of the APA procedural claims, plaintiff's claim depends upon a finding that her loan was discharged by the 1988 order. Typically, a plaintiff in this situation would seek relief in the form of a contempt order from the bankruptcy court for a violation of the permanent injunction preventing further collection acts. See 11 U.S.C. § 524(a)(2); Espinosa, 130 S. Ct. 1367. Alternately, a plaintiff could attempt to invoke the doctrines of claim or issue preclusion to show that the DOE's actions were contrary to law. See Travelers Indem. Co. v. Bailey, 129 S.Ct. 2195 (2009). However, for reasons not addressed by either party, plaintiff has declined to pursue these typical remedies, choosing instead to bring an action in this district where her wages are being garnished. See 28 U.S.C. § 1391 (venue is proper where a substantial part of the events giving rise to the claim occurred). Even if plaintiff should have challenged the DOE's collection efforts in the Bankruptcy Court for the Northern District of California, whether the present action can be considered by this Court is a question that must be addressed first.

The problems raised by plaintiff's novel procedural approach are numerous, yet have not been addressed by either party. See In re Cano, 410 B.R. 506 (Bkrtcy. S.D.

Tex. 2009) (addressing at length the problems raised by attempting to enforce a bankruptcy discharge injunction in a non-issuing court). Indeed, the Court is tempted to heed the request of the parties, address the easier question of whether plaintiff's loan has been discharged and avoid any further expenditure of judicial resources.[1] But this Court is one of limited jurisdiction and even in the absence of an objection by either party, it must still decline to consider a case where adjudication would overstep its jurisdictional mandate. Fed. R. Civ. P. 12(h)(3); Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Judicial comity, venue, and other prudential doctrines must also be afforded proper weight in determining whether to consider plaintiff's right to relief.

### A. Declaratory Judgment Claim

Because a declaratory judgment claim does not provide an independent basis for jurisdiction under 28 U.S.C. § 1331, the Court must look at the underlying issues in determining whether subject matter jurisdiction exists. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227 (1937). Here, plaintiff's request for a declaratory judgment is actually an action to interpret and enforce the 1988 bankruptcy discharge order. As such, the underlying basis for her declaratory judgment claim arises in or is related to a case under Title 11 of the United States Code. 28 U.S.C. § 1334(b) ("the district courts shall have original, but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.").

---

[1] It appears that the Eighth Circuit has addressed the precise issue raised by plaintiff and at least one district court within the Ninth Circuit agrees with the Eighth Circuit's treatment of Espinosa as applied to a Chapter 7 general discharge order. See Espinosa, 130 S. Ct. 1367; In re Walker, 427 B.R. 471 (8th Cir. BAP 2010) (Chapter 7 debtor was not discharged from student loans by general discharge order); U.S. v. De Kellis, 2010 WL 3521916 (holding same).

Having found a statutory basis for jurisdiction, other limitations may still prevent this Court from addressing plaintiff's claim. What the United States Supreme Court calls a "general rule" but the Eighth Circuit considers "jurisdictional" is the principle that a district court in one jurisdiction does not have the authority to enforce an injunction issued by a district court in another jurisdiction. <u>Baker by Thomas v. General Motors Corp.</u>, 522 U.S. 222 (1998); <u>Klett v. Pim</u>, 965 F.2d 587, 590 (8th Cir. 1992). Allowing plaintiff to bring a declaratory judgment action in this Court would undermine this principal. Simply put, plaintiff cannot seek an injunction to enforce another court's injunction nor can she use a declaratory action to circumvent this well-established rule. <u>Samuels v. Mackell</u>, 401 U.S. 66 (1971).

In addition to this limitation, 11 U.S.C. § 524 does not provide for a private cause of action to enforce the discharge injunction. <u>See</u> <u>In re Joubert,</u> 411 F.3d 452 (3rd Cir. 2005) (comparing cases). The Eighth Circuit has not addressed this issue. <u>Clark v. Brumbaugh and Quandahl</u>, P.C., LLO, 731 F.Supp.2d 915 (D. Neb. 2010). However, courts in other circuits have determined that Section 524 does not provide for a private cause of action. <u>See</u> <u>id.</u>; <u>In re Perviz</u>, 302 B.R. 357 (Bkrtcy. N.D. Ohio 2003); <u>Walls v. Wells Fargo Bank, N.A.</u>, 276 F.3d 502 (9th Cir. 2002); <u>Randolph v. IMBS, Inc.</u>, 368 F.3d 726 (7th Cir. 2004). The Court agrees with those courts that have determined that no private cause of action is available for a violation of a discharge injunction. <u>But</u> <u>see</u> Robert P. Wasson, Jr., <u>Remedying Violations of the Discharge Injunction Under Bankruptcy Code 524, Federal Non-Bankruptcy law, and State Law Comports with Congressional Intent, Federalism, and Supreme Court Jurisprudence for Identifying the Existence of an Implied Right of Action</u>, 20 BANKR. DEV. J. 77, 145-46 (2003) (advocating that 11 U.S.C. § 524 implies a private cause of

action that may be commenced any district court where forum in proper). Congress, in Section 524, set forth the effect and nature of a discharge order and nothing in that statute implies that Congress intended to alter the enforcement scheme already applicable to federal judgments by creating a distinct private cause of action. See e.g. Walls, 276 F.3d at 510.

For the foregoing reasons, the Court must dismiss plaintiff's declaratory judgment claim for lack of jurisdiction.

B.   **Jurisdiction of APA Claims**

In Count I, plaintiff claims that the DOE's actions in issuing an administrative wage garnishment order violate the APA, specifically, 5 U.S.C. § 706. The first APA violation that plaintiff alleges- -that the DOE acted contrary to law by failing to treat the 1988 discharge order as applying to her student loan debt under Espinosa- -is a request that the Court construe and enforce the 1988 discharge order. However, Plaintiff's other complaints about the procedures used by the DOE are not dependent upon the 1988 discharge order. The Court finds that it must independently address these two categories of alleged APA violations to determine if jurisdiction exists over one or both.

1.   **Claim that DOE acted contrary to law**

The Court has found no authority addressing whether collection actions taken in violation of a bankruptcy discharge order may be challenged under the APA. However, a number of courts have addressed an analogous situation where private creditors have been sued under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., for attempting to collect on an allegedly discharged debt. In Walls v. Wells Fargo Bank, N.A., 276 F.3d 502 (9th Cir. 2002), the Ninth Circuit found

that a debtor could not bring separate claims under the FDCPA for creditors' actions in violation of a discharge order. But the Seventh Circuit rejected the Ninth Circuit's approach in Randolph, 368 F.3d 726. And other district courts within the Eighth Circuit, including this Court, have generally followed the Seventh Circuit's analysis in Randolph as opposed to the Walls decision. Id.; Drnavich v. Cavalry Portfolio Service, LLC, 2005 WL 2406030 (D. Minn. 2005); Burkhalter v. Lindquist & Trudeau, Inc., 2005 WL 1983809 (E.D. Mo. 2005). The Eighth Circuit has not yet considered whether the Bankruptcy Code provides an exclusive remedy for post-discharge creditor conduct. Clark v. Brumbaugh and Quandahl, P.C., LLO, 731 F.Supp.2d 915, 920 (D. Neb. 2010).

Sections 523 and 524 of the Bankruptcy Code do not dictate the postjudgment enforcement methods available to a debtor; rather, they specify the effect and nature of a bankruptcy court judgment. 11 U.S.C. §§ 523, 524. As explained in Espinosa, a bankruptcy court judgment is to be given the same effect as a final judgment issued by a district court. Espinosa, 130 S. Ct. at 1376. The Federal Rules of Civil Procedure relating to postjudgment motions apply in the bankruptcy context. Id. The enforcement, appeal, and amendment procedures are also generally applicable. See Id. at 1376-78; 28 U.S.C. § 1963 (providing for registration of a federal judgment entered in "any court of appeals, district court, bankruptcy court, or in the Court of International Trade"). Likewise, a final judgment issued by a bankruptcy court is given the same res judicata effect as other federal court judgments. Travelers Indem. Co., 129 S.Ct. 2195. And it has been widely recognized that the defense of res judicata in a subsequent action filed by creditor allows a debtor an alternate means of enforcing a discharge in bankruptcy. See Wasson, Remedying Violations of the Discharge

Injunction, supra.[2]

Even though Section 524 and the APA are not in conflict, plaintiff still cannot seek to enforce the discharge injunction through the APA for the same reasons that she cannot seek enforcement through the declaratory judgment process. Of course, there appears to be no reason why the APA would not be available to a plaintiff to challenge agency actions that are contrary to the issue and claim preclusion effect of a final discharge order. However, that is not an consideration in this case, as plaintiff has not claimed that the 1988 discharge order meets the standard for issue or claim preclusion. She also did not raise this argument at the administrative level. Because plaintiff has failed to assert allegations that satisfy these jurisdictional prerequisites, the Court must dismiss the portion of her APA claim that is dependent upon the 1988 discharge order.

### 2. Claim that DOE violated wage garnishment procedures

The plaintiff's APA claims that are based on a procedural violation by the DOE in issuing the administrative wage garnishment order are independent of the 1988 discharge order. As such, that jurisdiction with respect to these claims exists under the APA and 28 U.S.C. § 1331 and venue is proper.[3] See Randolph, 368 F.3d 726. The merits of those claims are discussed below in the context of the defendants'

---

[2]The legislative history supports this interpretation. Prior to the enactment of Section 524, 11 U.S.C. § 32(g) provided for the registration of enforcement of a discharge injunction in any federal bankruptcy court. See Pub. L. 91-467 §§ 2, 3, 84 Stat. 990, 991 (1970). The House Committee Report recommending § 32(g) stated that a major purpose of the procedure was to circumvent the general rule that an injunction may only be enforced by the issuing court. H.R. Rep. 91-1502. However, Congress repealed Section 32(g) when Section 524 was enacted and declined to preserve the registration procedure. 28 U.S.C. § 524.

[3]Defendant has not challenged plaintiff's choice of venue.

motion for summary judgment.

C.     Merits of Plaintiff's Claims

The undisputed facts show that defendants have satisfied their burden and summary judgment is appropriate.

Plaintiff did not have a right to an oral hearing in challenging the DOE's wage garnishment decision. Harter v. Paige, 130 Fed. Appx. 69 (8th Cir. 2005); Pageus v. U.S. Dept. of Educ., Slip Copy, 2010 WL 731590 (N.D. Ga. 2010). Additionally, plaintiff's allegations of violation of the federal regulations governing guaranteed student loan creditors and of failure to exercise due diligence are improper, because 34 C.F.R. § 682.507 and 682.411 govern the duties owed by creditors holding student loans notes guaranteed by the United States but do not create a private cause of action for a student debtor. McCulloch v. PNC Bank Inc., 298 F.3d 1217, 1221 (11th Cir.2002) (listing cases that have found no express right of action under the Higher Education Act, 20 U.S.C. §§ 1070, 1071, 1082, 1094). Finally, plaintiff's assertion of a laches defense against the DOE's collection efforts is incorrect. Plaintiff cites United States v. Republic Ins. Co., 775 F.2d 156, 159 (6th Cir. 1985), for the proposition that the doctrine of laches is a valid defense against the government when the government has assumed the interest of a private party. The instant case, however, is distinguishable as the United States government was a guarantor of the original student loan and did not acquire its interest from a private creditor. Plaintiff also cannot claim that she has suffered unreasonable hardship similar to that in United States v. Rhodes, 788 F. Supp. 339, 342-43 (E.D. Mich.1992). Here, plaintiff is merely being forced to pay the amount owned on a student loan that, due to her own actions over a lengthy period of time, has accrued interest and fees in accordance with the

terms of loan and applicable federal law. So, no exception to the general rule that the defense of laches is unavailable against the government is applicable here. 20 U.S.C. § 1091a(a); United States v. Summerlin, 310 U.S. 414, 416-17 (1939).

## IV. Conclusion

The Court is without jurisdiction to consider plaintiff's claims that are dependent upon the 1988 discharge order entered by the Bankruptcy Court for the Northern District of California. Therefore, Count II will be dismissed. With respect to plaintiff's procedural APA claims in Count I, defendants have satisfied their burden of showing that they are entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment on Count I of the complaint [Doc. #12] is **granted**.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment on Count II of the complaint [Doc. #12] is **denied as moot**.

A separate judgment in accordance with this Memorandum and Order will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2011.